REYNOLDS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

Appeal from Trial Term, Dutchess County.
Action by Mary Reynolds, administratrix, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Reversed, and new trial granted.
Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

Robert Wilkinson, for appellant.

Charles Morschauser, for respondent.

PER CURIAM.   Judgment and order affirmed, with costs.

THOMAS, J. (dissenting).   Rogan, decedent, defendant's switch-man, was killed while coupling cars.   The engineer backed a car ahead of the engine to make a coupling with another car.   Several attempts were unsuccessful, and the final one, made, as alleged, without signal from Rogan, killed him.   The question is whether Rogan, by speech or motion, or both, on the last occasion, told the engineer to come back. The engineer so states, and has some corroboration from the fireman and one Palmateer.   There is no evidence that he did not give the sig-nal, but evidence that certain persons did not see him give it.   Stan-ton, sitting on a truck in the neighborhood, did not see it, nor did Hig-gins, a switchman on the car attached to the engine, nor Mansfield, a truckman; for the last named was not attentive, Higgins could not see from the position where he stood, and Stanton is not shown to have been following the operations, so that he must see or hear the signal if given.   His evidence affirmatively shows that he was looking else-where for a time, and does not show that his attention otherwise cov-ered the period of operation.   His signed statement is, "He may have given signals to some one before he walked in between the cars," and his attempt to escape from it was not successful.   He was a casual ob-server, not devoting himself to complete observation, and his testi-mony should not override the presumption that the engineer did not, without invitation, and in violation of duty, back upon Rogan, and the positive evidence that the signal was given.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, J., concurs.